UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-tp-80002-Rosenberg

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RONALD LEE TAYLOR,

    Defendant.
_____/

FILED BY KJZ D.C.
Jan 13, 2022
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON SUPERVISED RELEASE VIOLATIONS

#### I.  Background

The Defendant, RONALD LEE TAYLOR, appeared before the Court on January 13, 2022, for a final hearing on the Superseding Petition for Offender under Supervision ("Superseding Petition") [DE 16]. At the hearing, Defendant and his counsel advised the Court that Defendant wished to admit the supervised release violations pending against him. The Court therefore engaged in a colloquy with Defendant to ensure that his admissions were knowing and voluntary.

Defendant was originally convicted in the Eastern District of Tennessee (Knoxville) of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922 (g)(1), a Class A felony. On June 13, 2005, the Honorable Leon Jordan, United States District Judge, sentenced Defendant to 180 months of imprisonment followed by five years of supervised release with a special condition that Defendant be required participate in a program of testing and/or treatment for drug and/or alcohol abuse. Defendant's term of supervised release commenced on March 27, 2020. On February 10, 2021, jurisdiction over Defendant's supervised release was transferred to

the Honorable Robin L. Rosenberg, United States District Judge, Southern District of Florida.

Defendant is now charged with the following violations of his supervised release conditions in the Superseding Petition [DE 16]:

1. **<u>Violation of Mandatory Condition</u>**, by unlawfully possessing or using a controlled substance. On August 24, 2021, Defendant submitted a urine specimen which tested positive for the presence of cocaine and marijuana.

2. **<u>Violation of Mandatory Condition</u>**, by unlawfully possessing or using a controlled substance. On August 27, 2021, September 1, 2021, September 8, 2021, and September 14, 2021, Defendant submitted urine specimens which tested positive for the presence of marijuana and were also marked as diluted.

3. **<u>Violation of Mandatory Condition</u>**, by unlawfully possessing or using a controlled substance. On September 24, 2021, Defendant submitted a urine specimen which tested positive for the presence of marijuana and was also marked as diluted.

4. **<u>Violation of Mandatory Condition</u>**, by unlawfully possessing or using a controlled substance. On October 1, 2021, Defendant submitted a urine specimen which tested positive for the presence of cocaine.

5. **<u>Violation of Special Condition</u>**, by failing to participate in an approved treatment program. On or about December 1, 2021, Defendant was unsuccessfully discharged by the Drug Abuse Foundation.

## II.   <u>Summary of Hearing</u>

At the January 13, 2022 hearing, upon questioning by the Court, Defendant stated that he was clear-headed and not under the influence of drugs, alcohol, or any controlled substance. Pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure, Defendant was advised of the violations alleged against him, his right to contest the allegations, his right to appear at the hearing and present evidence, and his right to question adverse witnesses. After being advised of those rights, Defendant stated that he waived his right to a final revocation hearing.

Additionally, after being advised of his rights and the maximum penalties he is facing (five years in prison followed by a lifetime term of supervised release), Defendant waived his right to a

contested revocation hearing and admitted to allegations # 1-5, as alleged in the Superseding Petition. The Court finds that Defendant made his waiver and admissions knowingly, intelligently, and voluntarily, and with the advice and assistance of competent counsel. Based on Defendant's admissions to allegations # 1-5, as well as its review of the record, the Court finds by a preponderance of the evidence that Defendant committed allegations # 1-5 as alleged in the Superseding Petition [DE 16].

### III.     Recommendation

For the foregoing reasons, it is respectfully recommended that the Honorable Robin L. Rosenberg, United States District Judge, find that Defendant has violated the terms and conditions of his supervised release as alleged in violations # 1-5 of the Superseding Petition [DE 16]. The Court further recommends that Judge Rosenberg schedule a sentencing hearing on allegations # 1, 2, 3, 4, and 5.

### NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Robin L. Rosenberg. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 13th day of January, 2022.

_____
WILLIAM MATTHEWMAN
United States Magistrate Judge